| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br><br>1437 Bannock Street, room 256<br>Denver, Colorado 80202<br><br>Ph: 720-865-8301 | DATE FILED: March 31, 2018 6:04 PM<br>FILING ID: 47472506A7950<br>CASE NUMBER: 2018CV31135 |
| **Plaintiff:**   **SUSAN DONOHUE-NADRICH**<br><br>v.<br><br>**Defendant(s):**   **ALLSTATE INSURANCE COMPANY** | ▲COURT USE ONLY▲ |
| *Attorney for Plaintiff:*<br>Adam N. Balach, 41992<br>BACHUS & SCHANKER, LLC<br>1899 Wynkoop Street, Suite 700<br>Denver, CO 80202<br>Telephone: 303-893-9800<br>Facsimile: 303-893-9900<br>Email: adam.balach@coloradolaw.net | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff Susan Donohue-Nadrich, by and through undersigned attorney of Bachus and Schanker, LLC, hereby submits a Civil Complaint and Jury Demand against Defendant(s) Allstate Insurance Company, as follows:

## GENERAL ALLEGATIONS

1. At all times pertinent to this action, Plaintiff was a resident of Arapahoe County, Colorado.

2. At all times pertinent to this action, upon information and belief, Defendant Allstate Insurance Company ("Allstate") is and was a foreign insurance company which may be served through the Division of Insurance at 1560 Broadway, Denver, CO 80202.

3. Venue in this county is proper pursuant to C.R.C.P. 98(c)(3)(B).

## FACTUAL ALLEGATIONS

4. At approximately 9:30 a.m. on November 16, 2014, Plaintiff Susan Donohue-Nadrich, was a passenger in a 2012 Hyundai Sonata driven by Michael Nadrich, heading northbound on Highway 19 in Blackhawk, Colorado.

5. At the same aforementioned time and place, Armando Suarez was driving his 2010 Hyundai Elantra southbound on Highway 19.

6. Armando Suarez lost control of his vehicle and rotated counterclockwise 180 degrees into northbound Highway 19, and caused a collision (hereinafter "the Collision") with the front end of the vehicle driven by Michael Nadrich and occupied by Plaintiff.

7. At the time of the Collision, Armando Suarez failed to drive with reasonable care and was negligent.

8. As a result of the Collision caused by the negligence of Armando Suarez, Plaintiff sustained injuries, damages, and losses.

9. On January 24, 2017, a lawsuit was filed by Plaintiff against Armando Suarez for his negligence in causing Plaintiff's injuries, damages, and losses.

10. At the time of the Collision, Armando Suarez was covered with automobile liability policy with GEICO Indemnity Company with an available policy limit of $25,000.00.

11. GEICO Indemnity Company agreed to pay Plaintiff the limit of Armando Suarez's policy of $25,000.00.

12. On October 12, 2017, Allstate gave Plaintiff permission to accept the $25,000.00 policy limit from GEICO Indemnity Company.

13. After obtaining the $25,000.00 from GEICO Indemnity Company, Plaintiff made her claim for her under insured motorist benefits with Allstate.

14. At the time of the collision Plaintiff was covered by a $100,000.00 under insured motorist policy through Allstate.

15. On January 7, 2018, Allstate informed Plaintiff that they would evaluate her claim, and that Allstate may use an evaluation tool to assist in the process.

16. Allstate has never mentioned whether they used an evaluation tool, what the tool is, how they used it, or what they learned from using the tool.

17. On January 15, 2018, Allstate sent Plaintiff a letter to inform her that they could

not read the loss of earnings documents provided to them, and that they would not pay her any underinsured motorist benefits.

18. On February 1, 2018, Plaintiff provided copies of her employment file, with proof of work she missed, to Allstate for their evaluation.

19. Allstate confirmed receipt of Plaintiff's employment documents on February 5, 2018, and said they would use the documents to reevaluate the claim.

20. On March 6, 2018, Plaintiff inquired as to an update on the claim evaluation by Allstate.

21. On March 11, 2018, Allstate responded to inform Plaintiff that the adjuster, Stephanie Cox was no longer with Allstate.

22. On March 11, 2017, Allstate also informed Plaintiff that they would not be offering any of her underinsured motorist benefits. This was Allstates second denial of Plaintiff claim for benefits.

23. Allstate knows that Plaintiff collected the $25,000.00 policy limit of the GEICO insurance policy held by Armando Suarez.

24. Allstate knows that there is a presumption that Plaintiff has not been made whole as a result of collecting the $25,000.00 limits of the insurance policy held by Armando Suarez.

25. Allstate has not offered any explanation for its refusal to offer Plaintiff any of her under insured motorist benefits, in spite of the fact that Allstate must provide a rebuttal to the presumption that Plaintiff has not been made whole by the $25,000.00 policy limit payment by GEICO.

26. An insurance company like Allstate Insurance must assist their policyholders with the claim under the policy.

27. An insurance company like Allstate must be honest with their insured at all times.

28. An insurance company like Allstate must not deny or under-pay a claim based solely on a guess or speculation.

29. An insurance company like Allstate cannot encourage their claims handling personnel to pay as little as possible on an underinsured motorist claim.

30. It would be wrong for an insurance company like Allstate to encourage their claims handling personnel to underpay claims.

31. It would be wrong for an insurance company like Allstate to encourage their claims handling personnel to underpay a claim or deny a claim.

32. Allstate has acted unreasonably by denying Plaintiff's claim for underinsured motorist benefits.

33. Allstate purposely took an adversarial approach to investigating, evaluating, and paying Plaintiff's claim.

34. Rather than fulfilling their legal and contractual obligations to Plaintiff, Allstate has done everything they could think of to deny her claim.

35. Allstates knows their conduct is unreasonable.

36. Allstate knows that the denial of Plaintiff's underinsured motorist claim is unreasonable, and has not provided a reasonable basis or any basis at all for denying the claim.

37. Allstate knows that their denial in paying contract benefits lacks a reasonable basis.

38. Allstate is not entitled to any of the protections afforded by C.R.S. 13-21-11.6 (collateral source) in connection with any claim made by Plaintiff.

39. Plaintiff has made and is making all reasonable efforts to provide Allstate with the requested information on the claim.

## FIRST CLAIM FOR RELIEF
### (Underinsured Motorist Claim Against Allstate)

40. Plaintiff incorporates herein by this reference the claims and allegations contained within the foregoing paragraphs of this Complaint and Jury Demand as if set forth verbatim.

41. At all relevant times hereto, Armando Suarez had a duty to exercise reasonable care in the operation of his motor vehicle upon the public roadways of the State of Colorado.

42. Armando Suarez breached his duty of care by crashing into Plaintiff's vehicle on November 16, 2014.

43. As a direct and proximate result of the negligence of the underinsured, Armando Suarezm the Plaintiff has sustained injuries, damages, and losses in the form of economic

losses, noneconomic losses, and physical impairment.

44. At the time of the Collision, the pertinent Allstate insurance policy carried underinsured motorist coverage applicable to Plaintiff.

45. Armando Suarez was an underinsured driver for the purposes of the collision described herein.

46. Plaintiff sustained a number of serious injuries and damages that exceed the policy coverage held by Armando Suarez, thus making Armando Suarez an underinsured motorist under C.R.S. § 10-4-609.

47. Pursuant to the terms of the policy of Allstate and C.R.S. § 10-4-609, Plaintiff is entitled to recover underinsured motorist benefits caused by underinsured driver Armando Suarez arising out of the Collision.

48. Plaintiff has satisfied all conditions precedent under the policy issued by Allstate, and Plaintiff is entitled to recover underinsured motorist benefits under the policy.

49. Allstate is liable for Plaintiff's injuries, damages, harms, and losses as set out above related to the incident described herein.

## SECOND CLAIM FOR RELIEF
### (Violation of C.R.S. 10-3-1115(1)(A) and C.R.S. 10-3-1116(1))

50. Plaintiff incorporates all previous allegations as if set forth more fully herein.

51. Allstate denied and delayed insurance contract benefits to Plaintiff.

52. Allstate's denial and delay of insurance benefits to Plaintiff was without a reasonable basis.

53. Allstate's unreasonable denial and delay of underinsured motorist benefits for Plaintiff's economic damages, noneconomic damages, and physical impairment damages was in direct violation of C.R.S. 10-3-1115(1)(A) and C.R.S. 10-3-1116(1).

**WHEREFORE,** Plaintiff prays this Honorable Court for judgment against Defendant in an amount to be determined at trial for damages, including past and future:

a. economic losses, including medical bills, lost wages, loss of ability to earn money, and other expenses;

  b. noneconomic losses, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life;

  c. physical impairment;

  d. attorney's fees;

  e. interest on all damages at the highest rate allowed by law computed from the date of the injury;

  f. costs and expenses;

  g. and any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial to a jury of six (6) on all triable issues

Respectfully submitted this the 31st day of March, 2018.

       BACHUS & SCHANKER, LLC

       __/s/ Adam N. Balach_____
       Adam N. Balach, Esq.
       Attorney for the Plaintiff
       For the Firm
       BACHUS & SCHANKER, LLC
       1899 Wynkoop Street, Suite 700
       Denver, CO 80202

Plaintiff's Address
Susan Donohue-Nadrich
11932 W. Long Circle, Unit 101
Littleton, CO 80127